IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY LYN MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   4:21-CV-00384 |
| | ) | |
| WALGREEN PHARMACY SERVICES | ) | |
| MIDWEST, LLC and WALGREEN CO., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Walgreen Co. ("Walgreens") and Walgreen Pharmacy Services Midwest, LLC ("Walgreen Pharmacy") (collectively, "Defendants") hereby remove the state court action filed by Plaintiff Wendy McCoy ("Plaintiff"), entitled *Wendy Lyn McCoy v. Walgreen Pharmacy Services Midwest, LLC and Walgreen Co.*, 20SL-CC06384 (filed in the Circuit Court of St. Louis County, Missouri), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.   BACKGROUND**

1.   On December 31, 2020, Plaintiff filed a seven-count Petition ("Petition") against Defendants in the Circuit Court of St. Louis County, Missouri, styled *Wendy Lyn McCoy v. Walgreen Pharmacy Services Midwest, LLC and Walgreen Co.*, 20SL-CC06384 (the "State Court Action"), alleging violations of the Missouri Human Rights Act ("MHRA").  Plaintiff claims she was discriminated against based on her age (Counts I–III) and gender (Count IV–VI), and that she was retaliated against for engaging in protected activity protected by law under the MHRA (Count VII).

2. Pursuant to 28 U.S.C. § 1446(a) and E.D.Mo. L.R. 81-2.03, attached hereto as **Exhibit A** is a true and correct copy of the docket sheet and entire file of record with the Court in the State Court Action.

3. Apart from service of the Petition on Defendants, no further proceedings have occurred in the State Court Action.

4. There are currently no motions pending in the State Court Action.

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## II. TIMELINESS OF REMOVAL

6. Defendants were served with a copy of the Summons and Petition on March 2, 2021. *See* Service of Process Transmittals, attached hereto as **Exhibits B and C**. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of service of a copy of the Petition on Defendants in the State Court Action.

## III. VENUE

7. This action is properly removed to this Court because the State Court Action is pending in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District of Missouri. 28 U.S.C. § 1441(a); 28 U.S.C. § 105(b)(4).

## IV. GROUNDS FOR REMOVAL

**A. Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.**

      **i.   Amount in Controversy**

8.  Nowhere in the Petition does Plaintiff limit the amount in controversy to less than $75,000.[1/] Rather, the Petition indicates that Plaintiff is seeking to recover an unspecified award of "actual and punitive damages . . . costs . . . attorneys' fees, and for such other and further relief as the Court deems just under the circumstances." **Exhibit A**, Petition, pp. 5–10.

9.  The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" the plaintiff's damages are greater than $75,000. *Howerton v. American Family Mutual Insurance Co., S.I.*, No. 4:21-CV-00102-NAB, 2021 WL 779551, *2 (E.D. Mo. Mar. 1, 2021).

10. Actual damages, compensatory damages, and punitive damages all count in the calculation of the amount in controversy for the purpose of assessing federal diversity jurisdiction. *See Kopp v. Kopp*, 280 F.3d 883, 886 (8th Cir. 2002) (emotional distress and punitive damages count toward the amount in controversy); *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); *Lamb v. Amalgamated Labor Life Ins. Co.*, 602 F.2d 155, 159 (8th Cir. 1979) (compensatory damages count toward the amount in controversy).

11. The jurisdictional question regarding the amount in controversy "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude

---

[1/]  By asserting here that the Petition alleges claims that satisfy the amount in controversy requirement, Defendants do not concede, and specifically deny, that Plaintiff is entitled to any damages as a result of the allegations in her Petition.

that they are." *Kopp*, 280 F.3d at 885 (emphasis added).  In other words, "jurisdiction [is] proper [where], based on information known to the Court at the time jurisdiction [is] challenged, the jury reasonably could . . . award[] more than the statutory minimum, even if the jury ultimately [does] not do so." *Id*.

12. <u>Actual Damages</u>:  At the date of Plaintiff's termination, Plaintiff's annual compensation was $121,368.  *See* Affidavit of Greg Gaeng, attached hereto as **Exhibit D,** ¶ 6.  Given that a trial on Plaintiff's claims will likely not occur until the beginning or middle of 2022, Plaintiff's claim for actual damages, which would presumably include front and back-pay damages, could, alone, satisfy the amount in controversy requirement.  *See Riffert v. Walgreen Co.*, No. 4:07-CV-1912, 2008 WL 495643, *2 (E.D. Mo. Feb. 20, 2008) (concluding that "even without factoring in increases for cost of living adjustments, profit-sharing, and bonuses, [the plaintiff's] back pay alone could exceed the amount in controversy requirement by the time this matter is resolved" where the plaintiff earned approximately $37,674 annually).

13. <u>Punitive Damages</u>: The MHRA permits a plaintiff to seek and recover punitive damages.  Mo. Rev. Stat. § 213.111.  Under Missouri law, punitive damages against entities like Walgreens and Walgreen Pharmacy, who have more than five hundred employees, respectively, can total up to five hundred thousand dollars.  *Id.*  Thus, the amount in controversy is easily met here given the potential amount of punitive damages at stake.

14. <u>Attorneys' Fees</u>:  The MHRA "permits the trial court to award 'reasonable attorney fees to the prevailing party.'"  *Trickey v. Kaman Indus. Tech. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013) quoting Mo. Rev. Stat. § 213.111.  In the Eighth Circuit, attorneys' fees for well over $75,000.00 have been awarded.  *See, e.g., id.* (affirming the district court's award of $210,375.00 in attorneys' fees in a case involving MHRA claims).

15. In short, with no limit expressed, along with the nature and character of the damages sought, the jurisdictional amount in controversy is unquestionably met here as the damages in this case could easily exceed $75,000.[2]

### ii. Diversity of Citizenship

16. There is complete diversity amongst the parties here.

17. Plaintiff is a citizen of Missouri. **Exhibit A**, Petition, ¶ 2.

18. Walgreens is incorporated in the state of Illinois and maintains its principal place of business in Illinois. Affidavit of Joseph B. Amsbary, Jr. ("Amsbary Aff."), attached hereto as **Exhibit E**, ¶ 5. Thus, Walgreens is a citizen of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

19. The citizenship of a limited liability company is determined by the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members"); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (same).

20. Walgreen Pharmacy is a limited liability company, which has the following members: Bond Drug Company of Illinois, LLC, Happy Harrys, Inc., Walgreen Louisiana Co., Inc., and Duane Reade Inc. Amsbary Aff., Ex. E, ¶ 9.

---

[2/] Again, Defendants do not concede, and specifically deny, that Plaintiff is entitled to *any* damages as a result of the allegations in her Petition. However, as pleaded, the allegations in Plaintiff's Petition meet the amount in controversy requirement for the Court's subject matter jurisdiction.

21. Bond Drug Company of Illinois, LLC's sole member is Walgreen Eastern Co., Inc., which is incorporated in the state of New York and has its principal place of business in Illinois. *Id.*, ¶ 10.

22. Happy Harrys, Inc. is incorporated in the state of Delaware and has its principal place of business in Illinois. *Id.*, ¶ 11.

23. Walgreen Louisiana Co., Inc. is incorporated in the state of Louisiana and has its principal place of business in Illinois. *Id.*, ¶ 12.

24. Duane Reade Inc. is incorporated in the state of Delaware and has its principal place of business in Illinois. *Id.*, ¶ 13.

25. Thus, Walgreen Pharmacy is a citizen of Illinois, New York, Delaware and Louisiana for diversity purposes. 28 U.S.C. § 1332(c)(1).

26. Because Plaintiff is not a citizen of the same state as Walgreens or Walgreen Pharmacy, there is complete diversity amongst the parties. *See Borchert*, 486 F.3d at 346 ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

## V.   SATISFACTION OF OTHER PROCEDURAL REQUIREMENTS

27. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, and on this same date, Defendants will be filing a notice and a copy of this Notice of Removal with the Circuit Court of St. Louis County, Missouri, and serving Plaintiff with a copy of this Notice of Removal.

WHEREFORE, Walgreen Pharmacy Services Midwest, LLC and Walgreen Co. respectfully remove the State Court Action from the Circuit Court of St. Louis County, Missouri

to United States District Court for the Eastern District of Missouri, so that this Court may assume jurisdiction over the cause as provided by law.

                                            Respectfully submitted,

                              By:  *Amanda E. Colvin*
                                    Amanda E. Colvin, MO Bar # 61763
                                    Travis A. Niswonger, MO Bar # 68297
                                    **Bryan Cave Leighton Paisner, LLP**
                                    One Metropolitan Square
                                    211 N. Broadway, Suite 3600
                                    St. Louis, MO  63102
                                    (314) 259-2000 (telephone)
                                    (314) 259-2020 (facsimile)
                                    amanda.colvin@bclplaw.com
                                    travis.niswonger@bclplaw.com

                                    **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 1, 2021, a true and correct copy of the foregoing Notice of Removal served via U.S. Mail, postage prepaid, upon the following:

Douglas Ponder
Jaclyn Zimmerman
PONDER ZIMMERMAN LLC
20 South Sarah Street
St. Louis, MO 63108

**Attorneys for Plaintiff**

                                                                By: */s/ Amanda E. Colvin*
                                                                      **Attorney for Defendants**