

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print |

GrantedPublicAccess   Logoff AMANDACOLVIN

**20SL-CC06384 - WENDY L MCCOY V WALGREEN PHARMACY SERVICES M ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending   ○ Ascending

Display Options: All Entries ▼

---

**03/12/2021** ☐ **Corporation Served**
Document ID - 21-SMCC-1509; Served To - WALGREEN CO.; Server - ; Served Date - 02-MAR-21; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**02/22/2021** ☐ **Alias Summons Issued**
Document ID: 21-SMCC-1509, for WALGREEN CO..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Alias Summons Issued**
Document ID: 21-SMCC-1508, for WALGREEN PHARMACY SERVICES MIDWEST LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**02/16/2021** ☐ **Alias Summons Requested**
   **Filed By:** JACLYN ZIMMERMANN

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
   **Filed By:** JACLYN ZIMMERMANN
   **On Behalf Of:** WENDY LYN MCCOY

**12/31/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11598, for WALGREEN CO..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-11597, for WALGREEN PHARMACY SERVICES MIDWEST LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Filing Info Sheet eFiling**
   **Filed By:** DOUGLAS B. PONDER

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
   **On Behalf Of:** WENDY LYN MCCOY

☐ **Judge Assigned**
DIV 6

---

Case.net Version 5.14.16                    Return to Top of Page                    Released 03/09/2021

**EXHIBIT A**
to Removal

20SL-CC06384

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **WENDY LYN MCCOY**, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. ___ |
| | ) | |
| **WALGREEN PHARMACY SERVICES** | ) | |
| **MIDWEST LLC,** | ) | |
| Serve: CSC  - Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| **WALGREEN CO.,** | ) | |
| Serve:  The Prentice Hall Corporation | ) | |
| System, Inc. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **PETITION FOR DAMAGES**

COMES NOW Plaintiff and for her Petition for Damages against Defendants states:

### **Nature of Action**

1.      This action is brought pursuant to the Missouri Human Rights Act (MHRA),

chapter 213 RSMo., for age discrimination, gender discrimination, and retaliation.

### **Parties**

2.      Plaintiff Wendy Lyn McCoy is an adult female citizen of the State of Missouri.

3.      Defendant Walgreen Pharmacy Services Midwest LLC is a limited liability

company registered to do business in the State of Missouri.

1

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

4.      At all times relevant to this lawsuit, Walgreen Pharmacy Services Midwest LLC was an employer within the meaning of § 213.010(7) of the MHRA in that Defendant employed more than six employees in the State of Missouri.

5.      Defendant Walgreen Co. is a corporation registered to do business in the State of Missouri.

6.      At all times relevant to this lawsuit, Walgreen Co. was an employer within the meaning of § 213.010(7) of the MHRA in that Defendant employed more than six employees in the State of Missouri.

### Venue

7.      Venue is proper in St. Louis County because some or all of the unlawful discriminatory practices occurred in St. Louis County, Missouri.

### Procedural Prerequisites

8.      On or about June 19, 2019, Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR), through dual filing, wherein she alleged Walgreens unlawfully discriminated against her based on age, gender, and retaliation.

9.      On or about December 29, 2020, the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue.

### Factual Allegations

10.     Plaintiff was born on March 20, 1965.

11.     In February, 2013, Plaintiff began working for Defendants as a floating pharmacist.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

12.     Each pharmacy within a Walgreens store has staff pharmacist(s) and a pharmacy manager.

13.     In October 2015, Plaintiff began working for Defendants as a staff pharmacist at the Walgreens located in Hazelwood, MO.

14.     In February, 2018, the pharmacy manager at Plaintiff's store went on leave and Plaintiff assumed her duties for approximately three months; however, the pharmacy manager did not return.

15.     While Plaintiff was interested in applying for the permanent pharmacy manager position, she was told it was not open.

16.     The position was given to a younger female.

17.     In January, 2019, the pharmacy manager position at Plaintiff's store became vacant and open to applications being accepted, and Plaintiff applied for the position, but the position was given to a younger female.

18.     In February, 2019, Plaintiff applied for an open pharmacy manager position at a Walgreens located in Weldon Spring, MO 63304.

19.     This position was also given to a younger female.

20.     On or about March 4, 2019, Plaintiff spoke to her store manager, Greg Ulrich, and told him she was being treated unfairly.

21.     Plaintiff told Ulrich she believed it was unfair that she was required to train the new pharmacy manager at her store when she applied for the same position and was more qualified for it.

22.     On or about March 15, 2019, Plaintiff spoke with her district manager, Greg Gaeng.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

23.     Plaintiff told Gaeng she was frustrated she had not been hired for either of the pharmacy manager positions she applied for and each time a younger woman was hired.

24.     Plaintiff also told Gaeng she did not believe she was receiving any support from him or Mr. Ulrich with respect to these open positions.

25.     Gaeng responded by asking Plaintiff why she even wanted to be a manager, and specifically asked if it was the money.

26.     Plaintiff said money was part of it, but not the only thing.

27.     Plaintiff then asked Gaeng if she wasn't able to get a manager position because she wasn't pretty enough or young enough.

28.     Gaeng's response was to tell Plaintiff she should just stop applying for manager positions.

29.     On or about April 12, 2019, Plaintiff was pre-textually terminated for a purported policy violation.

### Count I - Age Discrimination/Failure to Hire (January 2019 Open Position) Plaintiff v. Both Defendants

30.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

31.     Plaintiff is over 40 years old, and therefore is a member of a protected group.

32.     Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendants, specifically being passed over for the open pharmacy manager position in January, 2019.

33.     Plaintiff's age actually played a role in and had a determinative influence on Defendants' decision not to hire/promote Plaintiff, such that Plaintiff's age was the motivating factor in Defendants' adverse decision against Plaintiff.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

34.    Plaintiff was damaged as a result of the adverse employment action taken against her.

35.    Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally took adverse employment action Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

<u>**Count II - Age Discrimination/Failure to Hire (February 2019 Open Position)**</u>
<u>**Plaintiff v. Both Defendants**</u>

36.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

37.    Plaintiff is over 40 years old, and therefore is a member of a protected group.

38.    Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendants, specifically being passed over for the open pharmacy manager position in February, 2019.

39.    Plaintiff's age actually played a role in and had a determinative influence on Defendants' decision not to hire/promote Plaintiff, such that Plaintiff's age was the motivating factor in Defendants' adverse decision against Plaintiff.

40.    Plaintiff was damaged as a result of the adverse employment action taken against her.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

41.     Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally took adverse employment action Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

<u>**Count III - Age Discrimination/Termination**</u>
<u>**Plaintiff v. Both Defendants**</u>

42.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

43.     Plaintiff is over 40 years old, and therefore is a member of a protected group.

44.     Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendant, specifically termination.

45.     Plaintiff's age actually played a role in and had a determinative influence on Defendants' decision to terminate Plaintiff, such that Plaintiff's age was the motivating factor in Defendants' adverse decision against Plaintiff.

46.     Plaintiff was damaged as a result of the adverse employment action taken against her.

47.     Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally took adverse employment action Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

<u>**Count IV - Gender Discrimination/Failure to Hire (January 2019 Open Position)**</u>
<u>**Plaintiff v. Both Defendants**</u>

48.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

49.     Plaintiff is female, and therefore is a member of a protected group.

50.     Because of her gender, Plaintiff was discriminated against and suffered adverse employment action by Defendant, specifically being passed over for the open pharmacy manager position in January, 2019.

51.     Plaintiff's gender actually played a role in and had a determinative influence on Defendants' decision not to hire/promote Plaintiff, such that Plaintiff's gender was the motivating factor in Defendants' adverse decision against Plaintiff.

52.     Plaintiff was damaged as a result of the adverse employment action taken against her.

53.     Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally took adverse employment action Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

<u>**Count V - Gender Discrimination/Failure to Hire (February 2019 Open Position)**</u>
<u>**Plaintiff v. Both Defendants**</u>

54.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

55.     Plaintiff is female, and therefore is a member of a protected group.

56.     Because of her gender, Plaintiff was discriminated against and suffered adverse employment action by Defendant, specifically being passed over for the open pharmacy manager position in February, 2019.

57.     Plaintiff's gender actually played a role in and had a determinative influence on Defendants' decision not to hire/promote Plaintiff, such that Plaintiff's gender was the motivating factor in Defendants' adverse decision against Plaintiff.

58.     Plaintiff was damaged as a result of the adverse employment action taken against her.

59.     Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally took adverse employment action Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

<u>**Count VI - Gender Discrimination/Termination**</u>

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

**Plaintiff v. Both Defendants**

60.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

61.     Plaintiff is female, and therefore is a member of a protected group.

62.     Because of her gender, Plaintiff was discriminated against and suffered adverse employment action by Defendant, specifically termination.

63.     Plaintiff's gender actually played a role in and had a determinative influence on Defendants' decision to terminate Plaintiff, such that Plaintiff's gender was the motivating factor in Defendants' adverse decision against Plaintiff.

64.     Plaintiff was damaged as a result of the adverse employment action taken against her.

65.     Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally took adverse employment action Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

**Count VII – Retaliation/Termination**
**Plaintiff v. Both Defendants**

66.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

67.     Plaintiff opposed discrimination as described above.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

68.     Plaintiff had a reasonable belief she was being discriminated against.

69.     Because of her opposition to discrimination, Plaintiff was discriminated against and suffered adverse employment action by Defendant, including termination.

70.     Plaintiff's opposition to discrimination actually played a role in and had a determinative influence on Defendants' decision to terminate Plaintiff, such that Plaintiff's opposition to discrimination was the motivating factor in Defendants' adverse decision against Plaintiff.

71.     Plaintiff was damaged as a result of the adverse employment action taken against her.

72.     Defendants' conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants intentionally took adverse employment action against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

Electronically Filed - St Louis County - December 31, 2020 - 09:06 AM

Respectfully submitted,

PONDER ZIMMERMANN LLC

By_____/s/ Douglas Ponder_____
     Douglas Ponder, #54968
     dbp@ponderzimmermann.com
     Jaclyn M. Zimmermann, #57814
     jmz@ponderzimmermann.com
     20 South Sarah Street
     St. Louis, MO  63108
     Phone:    314-272-2621
     FAX:     314-272-2713
     *Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC06384 |
|---|---|
| Plaintiff/Petitioner:<br>WENDY LYN MCCOY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> WALGREEN PHARMACY SERVICES<br>MIDWEST LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  WALGREEN PHARMACY SERVICES MIDWEST LLC**
**Alias:**

**R/A: CSC-LAWYERS INC. SRVC CO.**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>**31-DEC-2020**</u>
**Date**

_____
**Clerk**

**Further Information:**
**LES**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                       Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
                              Date                         Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | **$** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC06384 |
|---|---|
| Plaintiff/Petitioner:<br>WENDY LYN MCCOY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> WALGREEN PHARMACY SERVICES<br>MIDWEST LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | <div align="right">(Date File Stamp)</div> |

## Summons in Civil Case

The State of Missouri to:  **WALGREEN CO.**
<div align="center"><b>Alias:</b></div>

**PRENTICE HALL CORP. SYSTEM INC**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>**31-DEC-2020**</u>
**Date**

_____ **Clerk**

**Further Information:**
**LES**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
<div align="center">Printed Name of Sheriff or Server                             Signature of Sheriff or Server</div>

<div align="center"><b>Must be sworn before a notary public if not served by an authorized officer:</b></div>

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
<div align="center">Date                                   Notary Public</div>

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - February 16, 2021 - 08:21 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **WENDY LYN MCCOY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 20SL-CC06384 |
| **WALGREEN PHARMACY SERVICES** | ) | |
| **MIDWEST, LLC,** | ) | |
| Serve:  CSC Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | Jury Trial Demanded |
| | ) | |
| **WALGREEN CO.,** | ) | |
| Serve:  The Prentice Hall Corporation | ) | |
| System, Inc. | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Jaclyn Zimmermann, of Ponder Zimmermann LLC, and enters her

appearance on behalf of Plaintiff Wendy Lyn McCoy.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By     /s/ Jaclyn M. Zimmermann
Jaclyn M. Zimmermann, #57814
jmz@ponderzimmermann.com
Douglas Ponder, #54968
dbp@ponderzimmermann.com
20 South Sarah St.
St. Louis, MO 63108
314-272-2621
Fax:  314-272-2713
Attorneys for Plaintiff

Electronically Filed - St Louis County - February 16, 2021 - 08:21 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **WENDY LYN MCCOY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 20SL-CC06384 |
| **WALGREEN PHARMACY SERVICES** | ) | |
| **MIDWEST, LLC,** | ) | |
| Serve: CSC Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| And | ) | Jury Trial Demanded |
| | ) | |
| **WALGREEN CO.,** | ) | |
| Serve: The Prentice Hall Corporation | ) | |
| System, Inc. | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST FOR SUMMONS

COMES NOW Plaintiff, and request that alias summons (2) be issued in this case to

serve Defendants:

1.  Walgreen Pharmacy Services Midwest, LLC, and

2.  Walgreen Co.,

at the above referenced addresses.

Electronically Filed - St Louis County - February 16, 2021 - 08:21 AM

Respectfully submitted,

PONDER ZIMMERMANN LLC

By    /s/ Jaclyn M. Zimmermann
Jaclyn M. Zimmermann, #57814
jmz@ponderzimmermann.com
Douglas Ponder, #54968
dbp@ponderzimmermann.com
20 South Sarah St.
St. Louis, MO 63108
314-272-2621
Fax:  314-272-2713
Attorneys for Plaintiff



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC06384 |
|---|---|
| Plaintiff/Petitioner:<br>WENDY LYN MCCOY<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> WALGREEN PHARMACY SERVICES<br>MIDWEST LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **WALGREEN PHARMACY SERVICES MIDWEST LLC**
**Alias:**
R/A: CSC-LAWYERS INC. SRVC CO.
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>22-FEB-2021</u>
**Date**                                                                _____
                                                                                          **Clerk**
**Further Information:**
**WAW**

---

<div align="center">Sheriff's or Server's Return</div>

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
        Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*              Subscribed and sworn to before me on _____ (date).

                         My commission expires: _____          _____
                                                                          Date                                              Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC06384 |
|---|---|
| Plaintiff/Petitioner:<br>WENDY LYN MCCOY<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> WALGREEN PHARMACY SERVICES<br>MIDWEST LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  WALGREEN CO.
Alias:

**PRENTICE HALL CORP. SYSTEM INC**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>**22-FEB-2021**</u>
**Date**

_____

**Clerk**

**Further Information:**
**WAW**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who
permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
      Printed Name of Sheriff or Server                            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

    *(Seal)*        Subscribed and sworn to before me on _____ (date).

                  My commission expires: _____
                                 Date                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ ____10.00____ |
| Mileage | $ _____ (_____ miles @ $._____ per mile) |
| **Total** | **$** _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3)** __Early Neutral Evaluation ("ENE"):__ A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)** __Mini-Trial:__ A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5)** __Summary Jury Trial:__ A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC06384 |
|---|---|
| Plaintiff/Petitioner:<br>WENDY LYN MCCOY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br>WALGREEN PHARMACY SERVICES<br>MIDWEST LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**RECEIVED**

MAR 0 1 2021

COLE COUNTY
SHERIFF'S OFFICE

**FILED**

Date/File Stamp

## Summons in Civil Case

MAR 1 2 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

The State of Missouri to:  WALGREEN CO.
**Alias:**
PRENTICE HALL CORP. SYSTEM INC
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>22-FEB-2021</u>
**Date**

_____
Clerk

**Further Information:**
WAW

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Prentice Hall Corporation, S.L. (name) designee (title).

☐ other _____.

Served at 350 E. High (address)

in Cole (County/City of St. Louis), MO, on 03-02-2021 (date) at 800AM (time).

Sheriff John P Wheelen by Sgt Renee Whan
<div align="center">Printed Name of Sheriff or Server         Signature of Sheriff or Server</div>

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
<div align="center">Date            Notary Public</div>



**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73